UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHARLES WALL and**
**FRANZE WALL,**

    *Plaintiffs*,

v.                                                                                     Case No. SA-21-CV-0622-JKP

**SAFECO INSURANCE COMPANY OF**
**INDIANA,**

    *Defendant*.

## ORDER DENYING SUMMARY JUDGMENT

Before the Court is Defendant's *Motion for Summary Judgment* (ECF No. 32). Pursuant to Fed. R. Civ. P. 56(a), Defendant Safeco Insurance Company of Indiana ("Safeco") seeks summary judgment on all claims asserted by Plaintiffs. With Plaintiffs' response (ECF No. 36) and Safeco's reply (ECF No. 37), the motion is ripe for ruling. After due consideration, the Court denies the motion.

Both sides agree that this case arises out of a May 2020 hailstorm. The primary dispute is whether the damage from the storm is excluded from coverage by an exclusion for cosmetic damage. As the summary judgment movant, Safeco "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Safeco argues that "there is no competent summary judgment evidence that Safeco was unreasonable in handling [the insureds'] claim." ECF No. 32 at 1. It contends that "this case concerns a bona fide dispute as to coverage." *Id*. It later argues that "[t]here is no evidence [it] breached the policy." *Id*. at 5. As for Plaintiff's bad faith and related claims, Safeco argues that Plaintiffs cannot show it acted unreasonably. *See id*. at 6-10. And Safeco further argues that there is no evidence

that it engaged in any conduct entitling Plaintiffs to treble or exemplary damages, mental anguish, emotional distress, or fraud. *Id*. at 10-13.

The Court first considers the alleged breach of contract. Under Texas law, when "the disputed provision is an exclusion, the insurer bears the burden of establishing that the exclusion applies." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010). In a case involving Louisiana law, the Fifth Circuit provides an apt discussion of the various burdens that are consistent with Texas law. *See Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 358-60 (5th Cir. 2010). While the "insured must carry the burden of persuasion to establish that any uncompensated (or under-compensated) damage was caused by a covered peril," *id*. at 358, the insureds here have carried that burden. This case presents no question that the relevant insurance policy covers damage from the hailstorm. The insureds have satisfied "the rule that the insured must prove *coverage* under the policy." *See id*. at 358-59.

If the insurer "wishes to avoid liability by relying on a policy exclusion from coverage, *it* has the burden of persuasion to establish that the uncompensated or under-compensated damage is subject to an exclusion." *Id*. at 359. The burdens of persuasion never shift, but "[w]hat *does* shift—but only during the summary judgment stage—is the burden of production." *Id*. Thus, "a defendant-insurer that moves for summary judgment must bear the burden of producing evidence to make out a 'prima facie' case that the cause of the uncompensated or under-compensated damage was excluded from coverage." *Id*. Once the insurer carries that burden, "the burden shift[s] to the [insured] to present evidence demonstrating there remain[s] a material issue of fact." *Id*.

In short, Safeco has the summary judgment burden to show that the damage is excluded. And it has failed to carry that burden. It instead asserts a lack of evidence that it breached the policy. Such assertion is insufficient when the summary judgment movant has the burden of

production. Safeco has not shown that the damage was merely cosmetic within the meaning of the exclusion. Courts deny summary judgment when "there is a genuine dispute of material fact as to whether the damage to [the] metal roof panels was cosmetic or non-cosmetic, and thus whether [an insurer] failed to perform under the contract." *Wheeler v. Safeco Ins. Co.*, No. SA-21-CV-00343-XR, 2022 WL 1295288, at *5 (W.D. Tex. Apr. 29, 2022); *accord Tri Invs., Inc. v. United Fire & Cas. Co.*, 553 F. Supp. 3d 400, 408 (S.D. Tex. 2020). Accordingly, the Court denies summary judgment on the claimed breach of contract.

As to Plaintiffs' extra-contractual claims, the Texas Supreme Court has "reject[ed] the suggestion that whether an insurer's liability has become reasonably clear presents a question of law for the court rather than a fact issue for the jury." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Courts "may be entitled to decide an issue as a matter of law when there is no conflict in the evidence, but when there is evidence on either side, the issue is a fact question." *Id*. In other words, "whether an insurer acted in bad faith because it denied or delayed payment of a claim after its liability became reasonably clear is a question for the fact-finder." *Id*. In this instance, although Safeco contends there is no evidence to support Plaintiffs' extra-contractual claims, Plaintiffs have presented evidence as to whether Safeco's actions were reasonable. With their evidence, Plaintiffs create a genuine dispute of material fact. The Court thus denies summary judgment on these claims.

Similarly, the Court denies summary judgment on Plaintiffs' claims for treble or exemplary damages, mental anguish, emotional distress, and fraud. There is evidence to create a genuine dispute of material fact on these matters.

Because Safeco is not "entitled to judgment as a matter of law," granting summary judgment is not warranted. *See* Fed. R. Civ. P. 56(a). In its reply, Safeco complains about evidence

Plaintiffs present from their experts, but at least a couple procedural hurdles pose a problem for such complaints. First, as to the breach of contract claim, Defendant did not carry its summary judgment burden; thus, Plaintiffs had no need to present evidence. Second, the Scheduling Order in this case set an April 3, 2022 deadline for file any *Daubert* motion or challenge to expert witnesses. *See* ECF No. 15 ¶ 11. That deadline passed without any party challenging an expert. Safeco essentially challenges Plaintiffs' experts long after the deadline for doing so expired. The Court will not countenance such untimely challenge.

For the foregoing reasons, the Court **DENIES** Defendant's *Motion for Summary Judgment* (ECF No. 32).

**IT IS SO ORDERED this 4th day of April 2023.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE